# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 10/21/2021 04:56:54 PM.
30-2021-01227449-CU-WT-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

Daniel R. Watkins, Esq. (SBN 163571)
Jeffrey A. Katz, Esq. (SBN 137246)
WATKINS & LETOFSKY, LLP
2900 S. Harbor Blvd., Suite 240
Santa Ana, CA 92704
Office: (949) 476-9400; Fax: (949) 476-9407
Attorney for Plaintiff, KRISTI MOLNAR

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY ORANGE - CENTRAL   North K.T.

| | |
|---|---|
| KRISTI MOLNAR, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> AMTRUST FINANCIAL SERVICES, INC., a Delaware corporation; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.: 30-2021-01227449-CU-WT-NJC <br> Assigned for all Purposed to Dept.: <br> The Honorable **Assigned for All Purposes** <br> [Unlimited Civil Case]  Judge Craig Griffin <br><br> **COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Trial Date:    Not Yet Set |

COMES NOW PLAINTIFF, KRISTI MOLNAR ("Plaintiff" or "Ms. Molnar"), who is informed and believes and thereon alleges against the defendants and each of them as follows:

1.     Plaintiff, KRISTI MOLNAR, is a natural person residing in Orange County, California.

2.     Defendant AMTRUST FINANCIAL SERVICES, INC. ("AFS") is a corporation conducting business in the State of California, County of Orange, at all times relevant herein.

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction of the claims arising under the California Fair Employment and Housing Act, Government Code § 12900 et seq. ("FEHA").

4.     Venue is proper in this judicial district, pursuant to California Code of Civil Procedure §§ 395 and 395.5. One or more of the Defendants resides within and/or does business

1

1   in the County of Riverside. and all acts and omissions giving rise to liability are alleged to have

2   occurred in the County of Riverside, making this Court the proper venue for Plaintiff's claims.

3        5.     Plaintiff alleges that this is the proper court because the incident took place at or

4   near 17771 Cowan, Suite 100, Irvine, CA 92614.

5   **ADMINISTRATIVE REMEDIES**

6        6.     Plaintiff has satisfied all private, administrative and judicial remedies to the

7   institution of this action.

8        7.     Plaintiff timely filed verified charges with the California Department of Fair

9   Employment and Housing ("DFEH") against the named Defendants, CASTLES CARECASTLES

10  CARE, for the wrongful acts alleged herein, and was issued right-to-sue letters by the DFEH in

11  October of 2018 (Attached hereto as Exhibit "A").

12       8.     This action is not preempted by the California Workers' Compensation Act

13  because claims brought under the California Fair Employment and Housing Act ("FEHA"),

14  including without limitation, because discrimination based age, sex, marital status, medical

15  condition and gender, are not risks or conditions of employment subject to workers' compensation

16  law.

17       9.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein

18  as DOES 1-25, inclusive, and therefore sues these defendants by fictitious names.  Plaintiff will

19  amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is

20  informed and believes and thereon alleges that at all times mentioned herein, each of the fictitiously

21  named defendants is negligently or otherwise responsible in some manner, along with the named

22  defendants, for the occurrences herein alleged, and Plaintiff's damages as herein alleged were

23  legally and proximately caused by that negligence and the negligence or other acts and/or

24  omissions of both the named and fictitiously named defendants.

25       10.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

26  mentioned, the defendants named in this action, as well as the fictitiously named defendants, and

27  each of them, were agents and employees of the remaining defendants, and in doing the things

28

2

**COMPLAINT FOR DAMAGES**

1   hereinafter complained of, were acting within the course and scope of such agency and/or
2   employment and with the knowledge and consent of the remaining defendants.

3                    **ALTER EGO, AGENCY, AND JOINT EMPLOYER**

4        11.    Plaintiff is informed and believes, and based thereon alleges, that there exists such
5   a unity of interest and ownership between AFS and DOES 1-25, that the individuality and
6   separateness of defendants have ceased to exist. They are all the same entity, despite any attempt
7   at separation.

8        12.    Plaintiff is informed and believes, and based thereon alleges, that despite the
9   formation of purported business alter egos, AFS and DOES 1 through 25, inclusive, are, in reality,
10  one and the same, including but not limited to because:

11           a.   AFS and DOES 1 through 25, inclusive, all share the same physical and mailing
12                address.
13           b.   AFS and DOES 1 through 25, inclusive, all derive actual and significant
14                monetary benefits by and through the unlawful conduct of one another.
15           c.   Plaintiff is informed and believes that AFS and DOES 1 through 25, inclusive,
16                while really one and the same, were segregated to appear as though separate
17                and distinct for purposes of perpetuating a fraud, circumventing a statute, or
18                accomplishing some other wrongful or inequitable purpose.
19           d.   Plaintiff is informed and believes, and based thereon alleges, that the business
20                affairs of AFS and DOES 1 through 25, inclusive are, and at all times relevant
21                were, so mixed and intermingled that the same cannot reasonably be segregated,
22                and the same are in inextricable confusion. The recognition of the separate
23                existence of any of the Defendants would not promote justice, in that it would
24                permit defendants to insulate themselves from liability to Plaintiff for violations
25                of the <u>California Government Code</u>, <u>Civil Code</u>, <u>Labor Code</u>, and other
26                statutory violations. The corporate existence of the Defendants' alter egos (and
27                it is not entirely clear at this point what those entities actually are existing as)

28

3

**COMPLAINT FOR DAMAGES**

1  should be disregarded in equity and for the ends of justice because such

2  disregard is necessary to avoid fraud and injustice to Plaintiff herein.

3  13.  As a result of the aforementioned facts, Plaintiff is informed and believes and based

4  thereon alleges that AFS and DOES 1 through 25, inclusive, are Plaintiff's joint employers by

5  virtue of a joint enterprise, and that Plaintiff was an employee of AFS; and DOES 1 through 25,

6  inclusive. Plaintiff performed services for each and every one of the defendants, and to the manual

7  benefit of all defendants, and all defendants shared control of Plaintiff as an employee, either

8  directly or indirectly, and the manner in which defendants' business was and is conducted.

9  ## FACTUAL ALLEGATIONS

10  14.  On or about December 14, 2015, was hired as a claim adjustor.

11  15.  Every facet of employment that the Plaintiff ever performed was purely engaged in

12  handling claims.  There is no facet of Plaintiff's work that related to the management or general

13  business operations of AFS and Does 1-25.  Plaintiff had no supervisory responsibilities.

14  She was not involved nor was she authorized to engage in hiring or firing decisions.  She had no

15  direct reports. Nevertheless, Plaintiff was wrongfully classified as exempt.

16  16.  Initially, Plaintiff worked partially on a remote basis.  Beginning in October 2018,

17  Plaintiff was assigned to work remotely on an exclusive basis.  She was not provided with a phone

18  or other equipment to facilitate her working remotely and was compelled to utilize her personal

19  equipment without reimbursement.  Defendants did not reimburse her for her internet charges.

20  17.  Plaintiff regularly worked 10 hours per day (or more) and was never compensated

21  for the overtime. Plaintiff was being paid a wage of $96,000 a year.

22  18.  Plaintiff was also never allowed to take rest and meal breaks.

23  19.  Plaintiff's ongoing caseload was 140 to 150 claims.

24  20.  On August 8, 2020, went on a medical leave with the diagnosis of a generalized

25  anxiety disorder as determined by her Primary Care Doctor ("PCP").   The PCP extended the

26  leave from November 5, 2020, to March 20, 2021.  Then, again, the PCP extended the leave from

27  March 20, 2021, to June 18, 2021.

28

4

**COMPLAINT FOR DAMAGES**

21.     On March 19, 2021, Plaintiff was seen by a head and neck doctor to address new symptoms.  On March 25, 2021, Plaintiff was diagnosed with cancer.  She underwent surgery on April 5, 2021, and then a second surgery on May 11, 2021.  On July 8, 2021, she began radiation treatment.

22.     Following Defendants' receipt of notice of the extension of Plaitniff's medical leave in late March, they failed to engage in the good faith interactive process to determine what, if any, reasonable accommodations exist that would enable Plaintiff to remain employed. Instead, Defendants terminated Plaintiff on April 5, 2021.

23.     As a result of the above-described actions of the Defendants', and each of them, Plaintiff is entitled to damages.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES DUE

**(Code of Regulations §11040 and California Labor Code §1194.2)**

**[Against All Defendants]**

24.     Plaintiff realleges and incorporates by references paragraphs 1 through 23, inclusive, as though set forth in full herein.

25.     At all relevant times, Defendants repeatedly failed and refused to pay Plaintiff all the wages earned and required by California Code of Regulations §11040, and Industrial Welfare Commission Order No. 4-2001.

26.     Plaintiff has been repeatedly deprived of her rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

27.     In addition, pursuant to California Labor Code §1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///
///
///

5

**COMPLAINT FOR DAMAGES**

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(California Labor Code §§1182.12, 1194, 1194.2, 1197)**

**[Against All Defendants]**

28.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27, inclusive, as though set forth fully herein.

29.     Pursuant to Labor Code §§1197, payment of less than the minimum wage fixed by law is unlawful. An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage.

30.     At all relevant times, Defendants failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code §1182.12. Specifically, Defendants did not pay Plaintiff any hourly wages or the requisite minimum wage on a number of occasions that Plaintiff's pay was unlawfully withheld. Under California law, Plaintiff is entitled to at least the minimum wage for every hour worked.

31.     Defendants' failure to pay the legal minimum wage to Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

32.     Pursuant to Labor Code §1194, Plaintiff requests that the court award reasonable attorneys' fees and costs incurred by Plaintiff in this action.

33.     In addition, pursuant to California Labor Code §1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///
///
///
///

6

**COMPLAINT FOR DAMAGES**

**THIRD CAUSE OF ACTION**

**FAILURE TO INDEMNIFY NECESSARY BUSINESS LOSSES**

(California Labor Code §2802)

[Against All Defendants]

34.   Plaintiff realleges and incorporates by reference paragraphs 1 through 33, inclusive, as though set forth fully herein.

35.   Pursuant to Labor Code §450(a), "no employer…may compel or coerce any employee… to patronize his or her employer, or any other person, in the purchase of any thing of value."

36.   Pursuant to Labor Code §2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequences of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

37.   Pursuant to Labor Code §2802(a). Defendants are legally required to reimburse Plaintiff for all necessary losses incurred in the performance of her duties.

38.   Defendants have failed to reimburse Plaintiff for all necessary business losses.

39.   As a proximate result of the aforementioned violations of Labor Code §§450(a) and 2802(a), Plaintiff is entitled to recover from Defendants the unpaid balance of all of the necessary aforementioned losses.

40.   As a proximate result of the aforementioned violations of Labor Code §§450(a) and 2802(a), Plaintiff has been damaged in an amount according to proof at the time of Trial.

41.   Pursuant to Labor Code §2802(c), Plaintiff requests that the Court award Plaintiff reasonable attorneys' fees and costs incurred in this action.

///
///
///
///
///
///

7

**COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION

## FAILURE TO FURNISH ACCURATE WAGE AND HOUR STATEMENTS

### (California Labor Code §§226 Et. Seq.)

### [Against All Defendants]

42.     Plaintiff realleges and incorporates by reference paragraphs 1 through 41, inclusive, as though set forth fully herein.

43.     At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions and, net wages earned, the name and the address of the legal entity employing Plaintiff and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff. Defendants knowingly and intentionally, not inadvertently, provided Plaintiff with paystubs and or paychecks that failed to accurately reflect Plaintiff's actual hours worked.

44.     As alleged herein, Plaintiff is not exempt from the requirements of California Labor Code §§226 et seq.

45.     This failure has injured Plaintiff, by misrepresenting and depriving her of hour, wage, and earnings information to which she is entitled, causing her difficulty and expense in attempting to reconstruct time and pay records, causing her not to be paid wages she is entitled to, causing her to rely on inaccurate earnings statements in dealing with third parties, eviscerating her right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving her regarding her entitlement to overtime, meal and rest period wages. As of the writing of this complaint, Defendants still have not furnished Plaintiff with her W2 statement for tax year 2015, after repeated requests on the part of the Plaintiff.

46.     Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code §226, civil penalties pursuant to Labor Code §226.4, and other applicable provisions, as well as attorney's fees and costs.

///
///

8

## FIFTH CAUSE OF ACTION

## VIOLATION OF OVERTIME LAWS

### (California Labor Code §§510, 1194, and 1198)

### [Against All Defendants]

47.     Plaintiff realleges and incorporates by reference paragraphs 1 through 46, inclusive, as though set forth fully herein.

48.     California Labor Code §510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

49.     California Labor Code §§1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code §1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful. The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of eight hours per day or 40 hours per week. During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff for all overtime hours worked in excess of eight hours per day and/or 40 hours per week as required by Labor Code §§510 and 1194.

50.     At all times relevant hereto, Defendants failed to pay Plaintiff overtime compensation for the hours she worked in excess of the maximum hours permitted by California Labor Code §§510 and 1198. Plaintiff was regularly required to work overtime hours without receiving overtime pay.

51.     By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to Plaintiff for her overtime hours worked, Plaintiff has suffered damages.

52.     Plaintiff requests recovery of overtime compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code §1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code

9

**COMPLAINT FOR DAMAGES**

1   and/or other statutes. Further, Plaintiff is entitled to seek and recover reasonable attorney's fees
2   and costs pursuant to California Labor Code § 1194.

### SIXTH CAUSE OF ACTION

### VIOLATION OF MEAL PERIOD LAWS

**(California Labor Code §§226.7 and 512(a))**

**[Against All Defendants]**

53.     Plaintiff realleges and incorporates by reference paragraphs 1 through 52, inclusive, as though set forth fully herein.

54.     The applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's employment by the Defendants.

55.     California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

56.     The applicable IWC Wage Order and California Labor Code Section 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

57.     Plaintiff was regularly required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes. Plaintiff was not authorized or permitted lawful meal periods and was not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§226.7, 512 and applicable IWC Wage Orders.

58.     Defendants willfully required Plaintiff to work during meal periods and failed to compensate Plaintiff for work performed during meal periods.

59.     Defendants failed to pay Plaintiff the full meal period premium due pursuant to California Labor Code §226.7.

60.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §226.7 and 512(a).

10

**COMPLAINT FOR DAMAGES**

61.     Pursuant to the applicable IWC Wage Order and California Labor Code §226.7(b), Plaintiff is entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

## SEVENTH CAUSE OF ACTION

## VIOLATION REST PERIOD LAWS

### (California Labor Code §226.7)

### [Against All Defendants]

62.     Plaintiff realleges and incorporates by reference paragraphs 1 through 61, inclusive, as though set forth fully herein.

63.     The applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's employment by the Defendants.

64.     California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

65.     The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

66.     Defendants required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

67.     Defendants willfully required Plaintiff to work during rest periods and failed to compensate Plaintiff for work performed during rest periods.

68.     Defendants failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code §226.7.

69.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §226.7.

11

**COMPLAINT FOR DAMAGES**

70.     Pursuant to the applicable IWC Wage Order and California Labor Code §226.7(b), Plaintiff is entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

## EIGHTH CAUSE OF ACTION

## WAITING TIME PENALTIES

### (California Labor Code §§201-203)

### [Against All Defendants]

71.     Plaintiff realleges and incorporates by reference paragraphs 1 through 70, inclusive, as though set forth fully herein.

72.     At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination. These wages refer to, at a minimum, unpaid wages and minimum wages that Defendants should have paid, but did not pay to Plaintiff during the term of her employment, and which were, at the latest, due within the time constraints of Labor Code §§201-203.

73.     As alleged herein, Plaintiff is not exempt from the requirements of California Labor Code §§201-203.

74.     Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code §203 and other applicable provisions, as well as attorney's fees and costs.

## NINTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, ET SEQ.

### [Against All Defendants]

75.     Plaintiff realleges and incorporates by reference paragraphs 1 through 74, inclusive, as though set forth fully herein.

76.     Defendants, and each of them, are "persons" as defined under California Business & Professions Code §17201.

12

**COMPLAINT FOR DAMAGES**

77.     Defendants'' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

78.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §117200, et seq.

79.     A violation of California Business & Professions Code §17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent, and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code §17200, et seq.

### Failure to Pay Overtime

80.     Defendants' failure to pay overtime compensation in violation of California Labor Code §§510, 1197, 1198 constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §17200, et seq.

### Failing to Provide Meal and Rest Periods

81.     Defendants' failure to provide legally required meal and rest periods in violation of the Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §17200, et seq.

### Failing to Timely Pay Wages Upon Termination

82.     Defendants' failure to timely pay wages upon termination in accordance with Labor Code §§201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §17200, et seq.

Failing to Provide Accurate Itemized Wage Statements

83.     Defendants' failure to provide accurate itemized wage statements in accordance with Labor Code §226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §17200, et seq.

13

**COMPLAINT FOR DAMAGES**

84. By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

85. Plaintiff suffered monetary injury as a direct result of Defendants' wrongful conduct.

86. Plaintiff is entitled to and does seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful, and/or fraudulent business practices. Plaintiff is not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

87. Plaintiff is further entitled to and does seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

88. Plaintiff has no plain, speedy, and/or adequate remedy at law to redress the injuries which she has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff has suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unlawful and/or fraudulent business practices.

89. Pursuant to California Business & Professions Code §17200, et seq., Plaintiff is entitled to restitution of the wages withheld and retained by Defendants; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff; an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5 and other applicable laws; and an award of costs.

**COMPLAINT FOR DAMAGES**

## TENTH CAUSE OF ACTION

## WRONGFUL TERMINATION AND DISCRIMINATION IN VIOLATION OF

## GOVERNMENT CODE §§ 12940 ET SEQ.

**[Against All Defendants]**

90.     Plaintiff hereby re-alleges and incorporates by reference paragraph 1 through 89 as though fully set forth herein.

91.     At all times relevant hereto, the FEHA was in full force and effect and was binding on the Defendants and each of them.  As such term is used under FEHA, "on the basis enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

92.     FEHA requires Defendants to refrain from discriminating against an employee on the basis or perception of a physical disability or medical condition.

93.     Plaintiff was initially diagnosed with an anxiety disorder.

94.     Plaitniff's Primary Care Physician placed Plaintiff on medical leave.  While on leave, Defendants terminated Plaintiff without engaging in a timely, good faith interactive process to determine what, if any, reasonable accommodations exist that would enable Plaintiff to remain employed.

95.     All times relevant hereto, Plaintiff was performing competently in the position he held with Defendants.

96.     Plaintiff is informed and believes that her physical disability, medical condition, the problems she was having was a substantial motivating reason in DEFENDANT'S decision to terminate Plaintiff.

97.     Said conduct violates FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

98.     Plaintiff suffered the adverse employment actions of discrimination and retaliation based on the exercise of his protected rights. Defendant's refusal to initiate an investigation of discrimination or prevent same and his subsequent termination of his employment harmed Plaintiff.

15

**COMPLAINT FOR DAMAGES**

99.    As a result of Defendants' action against Plaintiff, Plaintiff suffered harm and sustained damages in the form of lost wages and employment benefits, emotional distress, and other economic and non-economic damages.

100.    Defendants and each of them acted with the purpose, intent and/or reckless disregard of Plaintiff's rights causing plaintiff to suffer financial loss and emotional distress and physical distress and are guilty of oppression and malice justifying an award of punitive damages pursuant to Civil Code section 3294.

101.    Plaintiff requests an award of reasonable attorney fees and costs, including expert witness fees pursuant to FEHA.

## ELEVENTH CAUSE OF ACTION

## DISABILITY DISCRIMINATION FAILURE

## TO PROVIDE REASONABLE ACCOMMODATIONS IN

## VIOLATION OF GOVERNMENT CODE §12940(m)

### [Against All Defendants]

102.    Plaintiff hereby re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 101 of this Complaint as though fully set forth herein.

103.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

104.    Pursuant to FEHA, it is unlawful for an employer to fail to provide a reasonable accommodation to an employee with an actual disability, a record of a disability, and/or was perceived as, or treated as having a disability by the Defendants.

105.    Said conduct violates FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

106.    As a result of Defendant's action against Plaintiff, Plaintiff suffered harm and sustained damages in the form of lost wages and employment benefits, emotional distress, and other economic and non-economic damages.

107.    Defendants and each of them acted with the purpose, intent and/or reckless disregard of plaintiff's rights causing plaintiff to suffer financial loss and emotional distress and

16

**COMPLAINT FOR DAMAGES**

physical distress and are guilty of oppression and malice justifying an award of punitive damages pursuant to Civil Code section 3294.

108.   Plaintiff requests an award of reasonable attorney fees and costs, including expert witness fees pursuant to FEHA.

**TWELFTH CAUSE OF ACTION**

**DISABILITY DISCRIMINATION FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF GOVERNMENT CODE §12940(n) ET. SEQ.**

**[Against All Defendants]**

109.   Plaintiff hereby re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 108 of this Complaint as though fully set forth herein.

110.   At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

111.   Pursuant to Government Code §12940(n), it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

112.   Said conduct violates FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

113.   As a result of Defendants' action against Plaintiff, Plaintiff suffered harm and sustained damages in the form of lost wages and employment benefits, emotional distress, and other economic and non-economic damages.

114.   Defendants and each of them acted with the purpose, intent and/or reckless disregard of plaintiff's rights causing plaintiff to suffer financial loss and emotional distress and physical distress and are guilty of oppression and malice justifying an award of punitive damages pursuant to Civil Code section 3294.

115.   Plaintiff requests an award of reasonable attorney fees and costs, including expert witness fees pursuant to FEHA.

///

17

**COMPLAINT FOR DAMAGES**

## THIRTEENTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF

## GOVERNMENT CODE §§12940 ET. SEQ.

### [Against All Defendants]

116.    Plaintiff hereby re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 115 of this Complaint as though fully set forth herein.

117.    At all times hereto, the FEHA including in particular California Government Code §12940(l), was in full force and effect and was binding upon Defendants.

118.    Pursuant to Government Code §12940(l), it is unlawful for an employer to retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted.

119.    The acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

120.    As a result of Defendants' action against Plaintiff, Plaintiff suffered harm and sustained damages in the form of lost wages and employment benefits, emotional distress, and other economic and non-economic damages.

121.    Defendants and each of them acted with the purpose, intent and/or reckless disregard of plaintiff's rights causing plaintiff to suffer financial loss and extreme emotional distress and physical distress and are guilty of oppression and malice justifying an award of punitive damages pursuant to Civil Code section 3294.

122.    Plaintiff requests an award of reasonable attorney fees and costs, including expert witness fees pursuant to FEHA.

## FOURTEENTH CAUSE OF ACTION

## WRONFUL TERMINATION AND

## DISCRIMINATION IN VIOLATION OF LABOR CODE § 132a

### [Against All Defendants]

123.    Plaintiff hereby re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 122 of this Complaint as though fully set forth herein.

18

**COMPLAINT FOR DAMAGES**

124.   At all times relevant hereto, California Labor Code §132a, was in full force and effect and was binding upon Defendants. The statute proscribes any employer from discharging, or threatening to discharge, or in any manner discriminating against any employee who files or makes known his intention to file a claim for workers' compensation claim or because the employee has received a rating, award or settlement. Said acts constitute a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000.00), together with costs and expenses not in excess of two hundred fifty dollars ($250.00). Additionally, any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer.

125.   Defendants violated Labor Code §132a, which violation constitutes a misdemeanor and carries penalties as set forth above.

126.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages including, but not limited to, lost income and benefits, and has further suffered emotional distress and other general damages.

127.   Defendants and each of them acted with the purpose, intent and/or reckless disregard of plaintiff's rights causing plaintiff to suffer financial loss and extreme emotional distress and physical distress and are guilty of oppression and malice justifying an award of punitive damages pursuant to Civil Code section 3294.

## FIFTEENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN
## VIOLATION OF PUBLIC POLICY
### [Against All Defendants]

128.   Plaintiff hereby re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 127 of this Complaint as though fully set forth herein.

129.   Under California law, no employee can be terminated for a reason that is in violation of fundamental public policy, which is any articulable constitutional, statutory, or regulatory provision that is concerned with a matter impacting society at large, rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental.

**COMPLAINT FOR DAMAGES**

substantial, and well established at the time of discharge. Plaintiff is informed and believes, and thereon alleges, that Defendants terminated Plaintiff in violation of the following well established, public, substantial and fundamental public policies:

(a) The public policy set forth in Government Code §12940, et seq., prohibiting employers from discriminating and retaliating against any individual based upon their medical condition and taking medical leave, and for discriminating against and discharging any individual for engaging in protected activities under Government Code § 12940;

(b) The public policies set forth in California Labor Code § 132a, et seq., prohibiting employers from discharging or threatening to discharge any individual who files or makes known his intention to file a workers' compensation claim.

(c) All other state or federal statutes, regulations, administrative orders and ordinances which effect society at large and which discovery will reveal or violate by all named and DOE defendants.

130.    At all times mentioned in this Complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of medical condition, requesting medical leave and filing a workers' compensation claim, among other things.

131.    In the State of California, when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions. (See *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal. 3rd 167.)

132.    Defendants wrongfully discharged Plaintiff on or about April 5, 2021.

133.    The wrongful discharge caused Plaintiff harm.

134.    Plaintiff seeks to recover damages based on wrongful termination in violation of public policy.

135.    Defendants and each of them acted with the purpose, intent and/or reckless disregard of plaintiff's rights causing plaintiff to suffer financial loss and extreme emotional

20

**COMPLAINT FOR DAMAGES**

distress and physical distress and are guilty of oppression and malice justifying an award of punitive damages pursuant to Civil Code section 3294.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, KRISTI MOLNAR, seeks judgment against the Defendants AFS and DOES 1 through 25, inclusive, and each of them, as follows:

1.  For a monetary judgment representing compensatory damages including lost wages, and other benefits, and all other sums of money, together with interest on these amounts.

2.  For statutory penalties pursuant to Civil Code §52(b);

3.  For payment of all wages due and restitution of unwarranted exactions, including regular minimum wages unlawfully withheld from Plaintiff;

4.  For payment of liquidated damages pursuant to Labor Code §1194.2;

5.  For damages pursuant to Labor Code §2802;

6.  For statutory penalties pursuant to Labor Code §§226, 226.4, 558 and 1102.5;

7.  For waiting time penalties;

8.  For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

9.  For injunctive relief barring Defendants' illegal employment policies and practices in the future;

10. For all actual, consequential and incidental financial losses, including but not limited to loss of earnings, benefits and other compensation, according to proof, together with prejudgment interest pursuant to Civil Code Sections 3287 and/or 3288;

11. For punitive damages under Civil Code section 3294;

12. For reasonable attorneys' fees and expert witness fees pursuant to Government Code §12965(b), California Code of Civil Procedure §1021.5, and all other applicable statues;

13. For costs of suit, and attorney's fees pursuant to the Labor Code, the Civil Code, and the Business and Professions Code, and/or any other basis;

14. For post-judgment interest; and

21

**COMPLAINT FOR DAMAGES**

15. For any other relief that is just and proper as determined by the court.

DATED:  October 21, 2021

WATKINS & LETOFSKY, LLP

By:  Jeffrey A. Katz
Attorney for Plaintiff,
KRISTI MOLNAR

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED:  October 21, 2021

WATKINS & LETOFSKY, LLP

By:  Jeffrey A. Katz
Attorney for Plaintiff,
KRISTI MOLNAR

BEL.232–Molnar\Complaint

22

**COMPLAINT FOR DAMAGES**

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 23, 2021

Daniel Watkins
2900 S. Harbor Blvd., Suite 240
Santa Ana, California 92704

RE:  **Notice to Complainant's Attorney**
     DFEH Matter Number: 202107-14261423
     Right to Sue: Molnar / Amtrust Financial Services, Inc.

Dear Daniel Watkins:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 23, 2021

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202107-14261423
Right to Sue: Molnar / Amtrust Financial Services, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 23, 2021

Kristi Molnar
9 Lyon Ridge
Aliso Viejo, California 92656

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202107-14261423
       Right to Sue: Molnar / Amtrust Financial Services, Inc.

Dear Kristi Molnar:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 23, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Kristi Molnar

DFEH No. 202107-14261423

Complainant,

vs.

Amtrust Financial Services, Inc.
17771 Cowan, Suite 100
Irvine, California 92614

Respondents
_____

1. Respondent **Amtrust Financial Services, Inc.** is an **employer Amtrust Financial Services, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Kristi Molnar**, resides in the City of **Aliso Viejo,** State of **California.**

3. Complainant alleges that on or about **April 4, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated.

**Additional Complaint Details:** Terminated for using disability leave.

-1-
*Complaint – DFEH No. 202107-14261423*

Date Filed: July 23, 2021

1   VERIFICATION

2   I, **Daniel Watkins**, am the **Attorney** in the above-entitled complaint.  I have read the
3   foregoing complaint and know the contents thereof.  The matters alleged are based
    on information and belief, which I believe to be true.

4
    On July 23, 2021, I declare under penalty of perjury under the laws of the State of
5   California that the foregoing is true and correct.

6                                                             **Santa Ana, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          -2-
                        *Complaint – DFEH No. 202107-14261423*
28   Date Filed: July 23, 2021

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 1275 N. Berkeley Ave | |
| MAILING ADDRESS: 1275 N. Berkeley Ave | **FILED** |
| CITY AND ZIP CODE: Fullerton 92838 | SUPERIOR COURT OF CALIFORNIA |
| BRANCH NAME: North Justice Center | COUNTY OF ORANGE |
| PLAINTIFF: Kristi Molnar | |
| DEFENDANT: Amtrust Financial Services, Inc. | **Oct 22, 2021** |
| | Clerk of the Court |
| Short Title: MCLNAR VS. AMTRUST FINANCIAL SERVICES, INC. | By: Katie Trent, Deputy |

| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01227449-CU-WT-NJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>03/25/2022</u> at <u>09:30:00 AM</u> in Department <u>N17</u> of this court, located at <u>North Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRONG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khoẻ Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: _Katie Trent_____ , Deputy

**NOTICE OF HEARING**

BEL 428   DRW/)K2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

North Justice Center
1275 N. Berkeley Ave
Fullerton  92838

SHORT TITLE: MOLNAR VS. AMTRUST FINANCIAL SERVICES, INC.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2021-01227449-CU-WT-NJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Fullerton, California, on 10/22/2021. Following standard court practice the mailing will occur at Sacramento, California on 10/25/2021.

Clerk of the Court, by: _Katie Trent_ _____ , Deputy

WATKINS & LETOFSKY, LLP
2900 S HARBOR BOULEVARD # 240
SANTA ANA, CA 92704

CLERK'S CERTIFICATE OF SERVICE BY MAIL

V3 1013a (June 2004)

Page: 2

Code of Civil Procedure , § CCP1013(a)

Electronically Filed by Superior Court of California, County of Orange, 12/02/2021 11:04:00 AM.
30-2021-01227449-CU-WT-NJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy Clerk.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Daniel R. Watkins, Esq. (SBN: 163571) / Jeffrey A. Katz, Esq. (SBN: 137246) WATKINS & LETOFSKY, LLP 2900 S. Harbor Blvd., Suite 240, Santa Ana, CA 92844 | |

TELEPHONE NO.: (949) 476-9400     FAX NO. (Optional): (949) 476-9407
ATTORNEY FOR (Name): Plaintiff, Kristi Molnar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS: 700 W. Civic Center Dr.
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
MOLNAR v. AMTRUST FINANCIAL SERVICES, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2021-01227449-CU-WT-NJC |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter | [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Craig Griffin DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): 15
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/02/2021

Jeffrey Katz
_____
(TYPE OR PRINT NAME)

▶ /s/ Jeffrey Katz
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                        CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                          CIVIL CASE COVER SHEET                                    Page 2 of 2

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complaints must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE**

**ADR Information**

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. Oct. 2014)

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                    Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                    Bar No: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                                          (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                                         California Rules of Court, rule 3.221
L1270 (Rev. July 2014)